UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AKO K. BURRELL

                                    **Plaintiff,**

    **vs.**                                                          **9:23-CV-454**
                                                                      **(MAD/DJS)**

J. SPENCE, *Correctional Officer,*
*Five Points Correctional Facility, et al.,*

                                    **Defendants.**

_____

APPEARANCES:                                    OF COUNSEL:

AKO K. BURRELL
17-B-2994
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

HON. LETITIA JAMES                              LELA M. GRAY, AAG
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On April 12, 2023, *pro se* Plaintiff Ako K. Burrell commenced this civil rights action

pursuant to 42 U.S.C. § 1983, asserting claims arising out of his incarceration at Five Points

Correctional Facility. *See* Dkt. No. 1. In a June 5, 2023, Decision and Order, the Court ordered

that several of Plaintiff's claims be dismissed, resulting in the termination of multiple defendants

from this action. *See* Dkt. No. 8. Plaintiff's remaining claims against each Defendant Corrections

1

Officer Lee Benjamin, Toan Huynh, Jonathan Spence, and Sergeant James Conger ("Defendants")

are (1) an Eighth Amendment excessive force and failure-to-intervene claim, and (2) a First

Amendment retaliation claim. *See id.* The retaliation claim alleges that the assault which gives

rise to the Eighth Amendment claim "occurred in retaliation for grievances" filed by Plaintiff

against non-party officers working at Five Points Correctional Facility. Dkt. No. 83-8 at 5.

On September 25, 2025, Defendants filed a motion for partial summary judgment pursuant

to Federal Rule of Civil Procedure 56 with respect to the retaliation claim. *See generally* Dkt. No.

83. On April 13, 2026, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and

Order, recommending that Defendants' motion for partial summary judgment be denied. *See* Dkt.

No. 97. The parties' deadline to file written objections to the Report-Recommendation and Order

pursuant to 28 U.S.C. § 636(b)(1) was April 27, 2026. No objections were filed.[1] For the reasons

set forth below, the Report-Recommendation and Order is adopted in its entirety.

When a party files specific objections to a magistrate judge's Recommendations, the

district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). When a

party declines to file objections or files "[g]eneral or conclusory objections, or objections which

merely recite the same arguments [presented] to the magistrate judge," the court reviews those

---

[1] On June 1, 2026, the Report-Recommendation and Order that was sent to Plaintiff at the Oneida County Correctional Facility was mail returned to the Court as undeliverable. *See* Dkt. No. 105. On June 4, 2026, Plaintiff filed a letter requesting additional time to respond with objections. *See* Dkt. No. 106 at 1. On June 9, 2026, Plaintiff's request for an extension of time to object to the Report-Recommendation and Order was granted, with objections due by July 9, 2026. *See* Dkt. No. 108. On June 10, 2026, a notice of change of address was filed by Plaintiff. *See* Dkt. No. 109. On June 11, 2026, the Clerk re-sent docket numbers 96, 97, 107, and 108 to Plaintiff's new address at Attica Correctional Facility. To date, Plaintiff has not filed any objections. On July 7, 2026, Plaintiff filed a letter requesting media presence at trial. *See* Dkt. No. 110. The Court will rule on that request at such time as this case proceeds to trial.

2

recommendations for clear error. *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). "A litigant objecting to a [report and recommendation] may not simply rest on the briefs considered by the magistrate judge; she must lodge a specific objection to some specific aspect of the [report and recommendation]." *Nambiar v. Cent. Orthopedic Grp., LLP,* 158 F.4th 349, 361 (2d Cir. 2025). Additionally, "[w]hen a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*." *Id*. After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). As there are no objections, the Court will review the Report-Recommendation and Order for clear error.

The Court adopts the unobjected-to factual recitation contained in Magistrate Judge Stewart's April 13, 2026, Report-Recommendation and Order. *See* Dkt. No. 97. The Court also finds that Magistrate Judge Stewart correctly recommended that Defendants' motion for partial summary judgment on the First Amendment retaliation claim should be denied. *See id*. at 9. To prevail on a First Amendment retaliation claim, a plaintiff must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech [or conduct] and the adverse action." *Holland v. Goord*, 785 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinol v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)).

In support of their motion for partial summary judgment, Defendants assert that the record does not provide evidentiary support for Plaintiff's retaliation claim. *See* Dkt. No. 83-8 at 6-7. However, Magistrate Judge Stewart appropriately noted that Plaintiff's complaint alleges that

3

during the assault, Defendant Conger told Plaintiff the assault was related to grievances Plaintiff had previously filed against a non-party corrections officer. *See* Dkt. No. 97 at 7 (citing Dkt. No. 1 at 30). Magistrate Judge Stewart stated Plaintiff gave similar testimony multiple times in his deposition. *See id*. Therefore, the Court agrees with Magistrate Judge Stewart's conclusion that Plaintiff's testimony, if credited by a jury, could support a finding that Defendants were "substantially motivated to act because of Plaintiff's grievances." *Id*. (quoting *Williams v. Heese*, No. 16-CV-1343, 2020 WL 1480105, *7 (N.D.N.Y Feb 19, 2020), *R&R adopted*, 2020 WL 1470800 (N.D.N.Y. Mar. 26, 2020)).

To be sure, Plaintiff did admit he had trouble recalling whether specific grievances were mentioned in some instances. *See* Dkt. No. 97 at 8 (citing Dkt. No. 83-2 at 75.). However, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's somewhat inconsistent testimony establishes questions of fact rather than demonstrates Defendants' entitlement to summary judgment. *See id*. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York* 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996)). Further, "[t]he court may consider a number of factors when determining whether a causal connection exists, including the temporal proximity between the protected activity and the alleged retaliatory act[.]" *Vega v. Artus*, 610 F. Supp. 2d 185, 207 (N.D.N.Y. 2009) (internal quotations and citations omitted). Here, as explained by Magistrate Judge Stewart, there were merely "a few weeks between the filing of [Plaintiff's] grievances and the alleged assault." Dkt. No. 97 at 8. The Court agrees with Magistrate Judge Stewart's finding that the temporal proximity provides additional evidence of the requisite causation. *See id*.

Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire

4

record in this matter, and the applicable law, the Court hereby

ORDERS that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 97) is ADOPTED in its entirety; and the Court further

ORDERS that the Defendant's motion for partial summary judgment (Dkt. No. 83) is DENIED;[2] and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with Local Rules.

IT IS SO ORDERED.

Dated: July 15, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] The following claims remain and shall be scheduled for trial absent settlement by the parties: Eighth Amendment excessive force, failure-to-intervene, and retaliation claims against Defendants Lee Benjamin, James Conger, Toan Huynh, and Jonathan Spence.